UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KRISTIN MILLER and
MARNA WAHL,

Plaintiffs,

v.

WASECA MEDICAL CENTER, MAYO
HEALTH SYSTEM and DR. RONALD GANELLI,

Defendants.

CIVIL NO. 01-644 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned January 28, 2002 upon Defendants' Motion to Extend Time to Depose Plaintiffs and to Compel Production [Docket No. 13]. James Kaster, Esq. and Nicholas May, Esq. appeared on behalf of Plaintiffs; Mary Stumo, Esq. appeared on behalf of Defendant Waseca Medical Center Mayo Health System; and Mary O'Brien, Esq. appeared on behalf of Defendant Dr. Ronald Ganelli.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED as follows:

1. Defendants' Motion to Extend Time to Depose Plaintiffs and to Compel Production [Docket No. 13] is granted as follows: Each of the Plaintiffs shall appear for the conclusion of their deposition at a time and place mutually agreed upon by counsel.

2. No later than February 8, 2002, Plaintiffs' counsel shall provide to Defendants copies of the statements they have recorded in relation to this case.

JAN 3 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. The balance of the motion is taken under advisement.

Dated: January 31, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM/FINDINGS OF FACT**

## I. SUMMARY OF DECISION

### A. <u>Production of Statements</u>

The parties have agreed upon the production of statements. If Plaintiffs have already produced all of the statements, no further action is required. If not, they shall do so in the time specified by this Order.

### B. <u>Completion of the Depositions</u>

Rule 30(d)(2) of the Federal Rules of Civil Procedure was amended in 2000 to provide: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination."

There is not significant comment in the literature as to the reasons behind the adoption of the Rule limiting depositions to a presumptive seven hours, and none has been called to the attention of the Court by the parties. In Beshar and Nealon <u>Changing the Federal Rules of Civil Procedure</u>, 224 N.Y.L.J. 1 (December 1, 2000), the authors state that the amendment "was precipitated by reports of interminable depositions, including a fairly notorious case in which the Plaintiff was deposed for over 75 days during a five-year

period." It has also been thought that the Rule was intended to make uniform a number of Local Rules which had been adopted setting various presumptive hourly limits in various jurisdictions.

The reasons underlying the new rule would seem to have little application in this jurisdiction, where no Local Rule had been thought necessary, and where it is the unusual case in which the question of the length of a deposition is even raised. We agree with the point of view that "it remains unclear precisely why the amendment is necessary at this particular time [in this jurisdiction]. When the length of depositions creates difficulties, judges can invoke Federal Rule 30 or match temporal restrictions with a specific lawsuit's requirements in pretrial conferences." Tobias, The 2000 Federal Civil Rules Revisions, 38 San Diego L. Rev. 875, 886 (2001).

Regardless of our view as to the need for the Rule, it is our duty to enforce it now that it has been adopted. We have reviewed with care the substantial evidentiary materials submitted in connection with this Motion, including the transcripts of the deposition testimony given to date, written discovery and the responses to that discovery, Rule 26(a) disclosures, the Charge filed by each of the Plaintiffs, correspondence between counsel, and various pleadings. Based upon our review, and the factual findings in this opinion, we conclude, in the words of the Rule, that additional time is needed for a fair examination of the deponent, and that circumstances have impeded or delayed the examination. Accordingly, we "must" allow additional time for the completion of the depositions.

The Motion seeks an Order that the Plaintiffs "shall each submit to an extension of two, seven-hour days for their depositions." The Court has expressly declined

to authorize, or forbid, a specific additional period of time for the completion of the depositions. It is to be expected that the depositions will be completed promptly, and that counsel for Defendants will refrain from repetition, and will not use an unreasonable period of time. It is also to be expected that Plaintiffs will answer questions directly, and their counsel will refrain from unnecessary colloquy. As explained below, the Plaintiffs will be protected by their power under Rule 30(d); the Defendants will be protected from an abuse of the Rule 30(d) power by the provisions of Rule 37(a)(4), among others.

The procedure governing the taking of depositions is governed by Rule 30(c). Objections may be noted on the record, "but the examination shall proceed, with the testimony being taken subject to the objections." Deviations from this general rule are sharply limited. Under Rule 30(d)(1) of the Federal Rules of Civil Procedure, a witness may be instructed not to answer a question in a deposition only "when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)."

Rule 30(d)(3) provides in part: "Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order." Rather than suspend the entire deposition, Rule 30(d)(1) provides an alternative process as to individual questions. It permits a party to state the basis of its objection, and to then instruct the witness not to answer the offending questions, permitting the balance of the deposition to be completed without the interruption of a court hearing on the objection, which can then be held after the deposition is completed in other respects.

When a Motion is brought challenging an instruction that the witness not answer a question, the Court resolves the merits of the objection. It must award sanctions if the objection was not substantially justified. This is because Rule 30(d)(3) provides: "The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion" which is brought following an instruction not to answer. In other words, as a procedural matter, a party may instruct a witness not to answer a question at a deposition under limited circumstances, but as a substantive matter, the party does so at its own peril if it is wrong on the merits of its objection. See, e.g., Riddell Sports, Inc. v. Brooks, 158 F.R.D. 555 (S.D.N.Y.1994).

### C. Sanctions

We have taken under advisement that part of the Motion which seeks the imposition of sanctions against counsel for Plaintiffs. Defendants contend that counsel for Plaintiffs inappropriately intruded on the depositions by making personal remarks and ad hominem attacks on opposing counsel. See Van Pilsum v. Iowa State University of Science and Technology, 152 F.R.D. 179 (S. D. Iowa 1993); and Hall v. Clifton Precision, 150 F.R.D. 525 (E. D. Pa. 1993). We shall resolve that issue no later than the conclusion of the discovery period, upon application by any party.

## II. ANALYSIS

### A. Procedural History

Plaintiffs in this consolidated action are represented by the same counsel. On April 13, 2001, counsel filed separate Complaints on behalf of each of the Plaintiffs. When filing a new Complaint, counsel are required to sign a Civil Cover Sheet providing certain information about the matter. Item VIII of that form asks counsel to disclose

whether the Complaint being filed is related to any other cases, and if so, to state the name of the Judge, and the Docket Number of the case. Although the two Complaints are virtually identical, counsel did not disclose this on the form. As a result, the cases were assigned to different Judges, and received different file numbers: Miller - 01-644 (DSD/JMM) and Wahl - 01-645 (JMR/AJB).

A Pretrial Scheduling Order was issued in the Miller case on June 7, 2001. At the request of the parties in Wahl, the Court deferred the issuance of a Pretrial Scheduling Order in order to facilitate a Settlement Conference to be held in both cases. In November, 2001, counsel for Defendant Waseca served a Notice of Deposition of Plaintiff Miller and Witness Wahl in the Miller case, and of Plaintiff Wahl and Witness Miller in the Wahl case. Thereupon, Plaintiff Wahl made a Motion in the Wahl case "to consolidate this matter and its companion case [the Miller case] pursuant to Rule 20(a) of the Federal Rules of Civil Procedure."

Defendants did not oppose the Motion to Consolidate, except that they urged that if the cases were consolidated, it should result in the cases being assigned to the first judicial assignment. They argued:

> From the inception of this litigation, Plaintiffs planned to receive judicial assignments and then later move for a consolidation by the judge and magistrate preferred by Plaintiffs' counsel. . . . No motion to consolidate was filed in the Miller action. Likewise, the request for a protective order to limit Miller's deposition was not made to the assigned magistrate judge, but rather was made with the assumption that Miller's action would fall under [the jurisdiction of a different magistrate judge].

In response to Plaintiff Wahl's Motion to Consolidate, Defendant Waseca stated: "Plaintiffs' counsel's convincing plea for a consolidation of these cases begs the

question of why the cases were not filed together initially on April 13, 2001." Defendant Ganelli stated: "Given the apparent similarities between the two cases at issue, there is no explanation as to why these cases were not brought jointly in the first instance." At oral argument on the present Motion, counsel for Plaintiffs' only suggestion of an answer to these questions was that the desire for consolidation had to do with consolidation for trial. This response is not supported by the Record. The Motion itself sought consolidation for all purposes, not just for trial. More directly relevant, the Motion used full consolidation as the basis for the other part of the relief requested: an Order "limiting the depositions of both Wahl and Miller to one day of seven hours." [1] The parties advise that the motion to limit the deposition to seven hours was withdrawn, but they disagree on the reasons and the record does not contain information on that subject.

**B. The Effect of Separate or Consolidated Actions**

At the hearing on the current Motion, Defendant Ganelli argued that since these cases were commenced as two cases, a single limit of seven hours should not apply. We have found one authority where a similar issue was considered. In Sabre v. First Dominion Capital, 2001 WL 1590544 (S.D.N.Y. 2001), the Court concluded that "the 30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit." While we understand the argument, it seems to us that this serves to underscore the artificiality of the inquiry concerning a seven-hour limit. The label by which a witness is summoned to testify, like the number of cases which are pending, would

---

[1] Plaintiffs also offered other reasons for a limitation.

seem to have no bearing on whether a particular deposition will last too long, or whether it has lasted too long. As the Court in Sabre noted, even if there are two presumptive seven hour periods: "This is not to say, however, that the inquiring party has *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness." Additional specific factual inquiry is needed. A witness may be entitled to a Protective Order after only an hour has elapsed in one case, and more than seven hours may be needed in another case.

The mere fact that these cases might have proceeded separately does not establish that 14 hours is the appropriate length for a deposition of a witness common to both cases. By the same logic, the fact that the two cases have now been consolidated into one also does not establish that it is proper that no deposition last more than seven hours. Rather, the Court is called upon in each case to make a fact intensive inquiry as to whether a particular witness should or should not be required to submit to questioning which exceeds seven hours in length. The Notes of Advisory Committee to the 2000 amendments suggest some of the factors to consider, but their most important advice is in a single sentence: "Preoccupation with timing is to be avoided."

C. **Additional Time is Needed to Complete the Depositions**

Defendants have offered a number of reasons why additional time is needed for the completion of the depositions. They begin with the general proposition that each of the witnesses possesses information which is material to the case of the other. Thus, the subject matter of the depositions requires that their knowledge as to their own case be examined, and also their knowledge as to the case of the other Plaintiff. This puts these witnesses in circumstances which are different from the ordinary Plaintiff, who would be

offering testimony only about a single case. In addition, the allegations relate to a number of specific events. Defendants contend that the statements of the Plaintiffs as to these events have not been consistent, requiring further inquiry than would otherwise be required. Defendants have substantiated these points.

Defendants also point out that longer depositions are required because Plaintiffs elected to offer deposition testimony as an alternative to providing responses to written discovery. Plaintiffs did not respond to this argument in their Memorandum. The facts are as follows. Defendants served Plaintiffs with Interrogatories asking each Plaintiff to provide the details of each "incident that occurred in [and outside] the operating room which you claim contributed to a hostile work environment." E.g. Interrogatory Nos. 11 and 12. Exhibit N to Frost Affidavit. Plaintiffs responded on November 26, 2001 by stating: "The information sought by this Interrogatory may be obtained in a less obtrusive way, namely a deposition." Id. The next day, Plaintiffs filed a Motion to limit the time for each deposition to seven hours [Docket Nos. 9, 10 and 11]. A review of the transcript of the testimony taken to date demonstrates that much of the time in the depositions has been seeking the very information which Plaintiffs elected to provide by way of deposition rather than Interrogatory response. If Plaintiffs have their way, they would avoid answering the written discovery by offering the deposition, and then avoid the deposition discovery by invoking an unrealistic time limit. We do not read the Rule to permit such maneuvering.

Defendants also experienced difficulty in obtaining documents in response to their Document Requests. See Frost Affidavit, Exhibits Y and Z. In addition, late in the day prior to the deposition of Ms. Wahl, Plaintiffs' counsel delivered documents which had been called for earlier, with no explanation of the reason for the delay in production. See

Frost Affidavit, Exhibits T, U and V. This delayed response had the effect of making the deposition take longer, since it interrupted the orderly flow of the deposition.

Another significant reason that additional time is needed to complete the depositions is that both Plaintiffs tended to provide narrative responses to "yes" or "no" questions. This had the result that Defendants had to ask a number of additional questions in their reasonable quest to obtain an unambiguous answer to the questions. There are many examples of this, of which the following are illustrative:

> Q. In any way, in any form, directly or indirectly, did you ever tell Owatonna Hospital that you had accepted another position at the clinic? Miller Depo. p. 48.
>
> Q. Did you understand that Dr. Ganelli was a physician who didn't like people talking unless it was specifically about something in connection with the surgery? Miller Depo. p. 67.
>
> Q. Did you tell her that you were making a complaint under the harassment policy? Wahl Depo. p. 17.
>
> Q. You told her it was harassment? Wahl Depo. p. 18.

Substantial additional time was required by the failure of Plaintiffs to answer "yes" or "no" to questions which fairly called for such a response, and additional time will be needed if they continue to do so.

Defendants also complain about the length of time that elapsed between question and answer in the depositions. Witnesses are entitled to take such reasonable time as they needed to respond to questions, and these witnesses did so.[2] The result was that substantial periods of time were spent awaiting responses from the witnesses. While

---

2

The transcript was prepared in such a way as to permit an analysis of the time which elapsed between question and answer.

we have not endeavored to learn whether this choice of a deliberate speed was anything other than a coincidence, the extra time occasioned by this practice is not measured solely by the elapsed time between question and answer. It also serves to detract from the ability of the attorney to present questions at a more rapid pace, and generally serves to slow the entire process. The same may be said of the frequent remarks of counsel for Plaintiffs which were not in the form of objections, which served to distract from the orderly process of the deposition.

We have reviewed the materials submitted in connection with this motion with some care. We are satisfied that Defendants have amply demonstrated that additional time is needed for a fair examination of each of the Plaintiffs.

J.M.M.