UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ~~Marna Wahl,~~<br>~~Plaintiff,~~<br>~~vs.~~<br>~~Waseca Medical Center-Mayo Health System and Dr. Ronald Ganelli,~~<br>~~Defendants.~~ | ~~File No. 01-CV-645 JMR/AJB~~<br><br>**STIPULATION AND PROTECTIVE ORDER** |
| and<br>Kristin Miller, and Marna Wahl<br>Plaintiff,<br>vs.<br>Waseca Medical Center-Mayo Health System and Dr. Ronald Ganelli,<br>Defendants. | File No. 01-644 (DSD/JMM) |

## STIPULATION

It is hereby stipulated by the parties as follows:

1. A party may designate as confidential any documents or other information hereafter produced in discovery in this action that the party reasonably believes to constitute confidential information or proprietary information. Such information so designated is referred to as "Confidential Information" in this Stipulation and Protective Order.

2. A party may designate a document as confidential by:

FILED MAR 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

(a) imprinting the word "confidential" on the first page or cover page of any document produced;

(b) specifically identifying a document produced as confidential in a writing delivered to opposing counsel;

(c) advising the court reporter that certain deposition testimony is confidential and is to be separately transcribed and marked accordingly; or

(d) advising the other parties in writing within 30 days after receipt of a deposition transcript that certain portions (identified by page and line numbers) are confidential.

3. Pending designation pursuant to Section 2(d) above, but not for longer than the 30-day period, the entire transcript of a deposition shall be treated as confidential.

4. Documents that a party designates as confidential shall not be given, shown, made available, or communicated in any way to anyone other than:

(a) The parties;

(b) The parties' attorneys and their staff;

(c) The Court and its staff;

(d) Outside consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(e) Court reporters and witnesses in the course of and to the extent necessary to conduct depositions;

(f) Such other persons as may be necessary to conduct the trial of this action, as ordered by the Court or agreed by the parties pursuant to paragraph 9 below;

(g) Such other persons as the Court may specifically approve after notice and hearing; and

(h) Such other persons as the parties may agree in writing.

5. Before making disclosure of Confidential Information to outside consultants and experts retained to assist in preparation for trial or settlement, a party's counsel shall obtain from these individuals an agreement in writing (in the form attached as Exhibit A) to be bound by this Stipulation and Protective Order. These agreements need not be disclosed to opposing counsel unless ordered by the Court in response to a good faith allegation that the provisions of this Stipulation and Protective Order have been breached.

6. The people to whom paragraph 4 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than the trial, preparation for trial, or settlement of this action.

7. There shall be no reproduction of documents designated as confidential except that, as required in the course of the litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by paragraph 4 to receive the confidential information.

8. Confidential Information filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Order to receive discoverable information.

9. The parties shall attempt to agree in writing before trial on how the Confidential Information shall be handled during trial. If the parties cannot reach agreement, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

10. Despite final termination of this action, this Stipulation and Protective Order shall continue to apply to all discovery covered by it.

11. This Stipulation and Protective Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of such information.

12. Nothing in this Stipulation and Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Federal Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

13. Within two weeks after the final termination of this matter, the parties through their counsel shall return documents designated confidential and produced during discovery to opposing counsel.

14. Within two weeks after the final termination of this matter, the parties shall enter into a Stipulation and Order that provides for the return of Confidential Information filed with the Court to the opposing party.

Dated: 1/2, 2002

NICHOLS, KASTER & ANDERSON

James H. Kaster
Attorney Reg. No. 53946
Nicholas G.B. May
Attorney Reg. No. 287106
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-1919

Attorneys for plaintiff Marna Wahl

Dated: January 3, 2002

FAEGRE & BENSON LLP

Marcy R. Frost

Mary E. Stumo
Attorney Reg. No. 122440
Marcy R. Frost
Attorney Reg. No. 229933
Adam J. Kirsch
Attorney Reg. No. 298815

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendant Waseca Medical Center

Dated: January 5, 2002

MEAGHER & GEER, PLLP

Mary M. L. O'Brien

Mary M. L. O'Brien
Attorney Reg. No. 177404
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-0661

Attorneys for Defendant Dr. Ronald Ganelli

M1:818778.02

**ORDER**

IT IS SO ORDERED:

Dated: March 26, 2002

BY THE COURT

Magistrate Judge John M. Mason

# EXHIBIT A

## AGREEMENT TO BE BOUND

I have read the Stipulation and Protective Order applicable to the cases of Marna Wahl and Kristin Miller v. Waseca Medical Center-Mayo Health System and Dr. Ronald Ganelli. I agree to comply with its terms.

Dated: ______________

____________________________________

M1:818778.02

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.