UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KRISTIN MILLER and
MARNA WAHL,

Plaintiffs,

v.

WASECA MEDICAL CENTER MAYO
HEALTH SYSTEM and DR. RONALD GANELLI,

Defendants.

CIVIL NO. 01-644 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on April 2, 2002 upon Defendants' Motion to Compel Plaintiffs to Appear for Depositions and to Amend the Scheduling Order [Docket Nos. 37 and 43]. Nicholas G. May, Esq. appeared on behalf of Plaintiffs; Mary E. Stumo, Esq. appeared on behalf of Defendant Waseca Medical Center Mayo Health System, and Mary M. O'Brien Esq. appeared on behalf of Defendant Dr. Ronald Ganelli.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Compel Plaintiffs to Appear for Depositions and to Amend the Scheduling Order [Docket Nos. 37 and 43] is granted.

a) The deposition of Kristin Miller shall be commenced and concluded on April 24, 2002. If it may not be reasonably concluded on that date, it shall be concluded on May 1, 2002, unless otherwise ordered by this Court.

APR 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b) The deposition of Marna Wahl shall be commenced and concluded on May 2, 2002. If it may not be reasonably concluded on that date, it shall be concluded on May 8, 2002, unless otherwise ordered by this Court.

c) An Amended Final Scheduling Order shall issue.

2. Plaintiffs' Motion to Amend the Complaint [Docket No. 12] is withdrawn, except insofar as it seeks to be permitted to amend the Complaint to state a claim for punitive damages under Minnesota law, which remains under advisement.

Dated: April 2, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

By Order dated January 31, 2002, this Court ordered that the time for completing the depositions of Plaintiffs be extended, and noted that "it is to be expected that the depositions will be completed promptly." The depositions did not take place, despite several efforts by Defendants to schedule them, including proposing depositions for dates on which counsel for Plaintiffs had said that he would be available. See Exhibits N, R, S and T to Affidavit of Marcy Frost. This led to the Motion which is presently before the Court.

The scheduling of the depositions has been prevented by reason of the unavailability of counsel for Plaintiffs. The Parties are now agreed upon the dates for the

depositions, and are agreed that an extension of the Scheduling Order is needed by reason of the trial schedule of counsel for Plaintiffs. We again expressly note, as we did at the hearing, that we are making no determination at this time as to whether it is possible for the depositions to be completed in a few hours, a single day, or whether more time is needed.

J.M.M.